

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Tamar Y. Duvdevani
tamar.duvdevani@us.dlapiper.com
T   212.335.4799
F   917.778.8799

September 9, 2024

The Honorable Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Nike, Inc. v. S2, Inc. et al.*, USDC SDNY Case No. 1:24-cv-05307-NRB

Dear Judge Buchwald:

We represent plaintiff Nike, Inc. ("Nike") in the above-referenced action and respond to Defendants' September 6, 2024 pre-motion conference letter for an anticipated Fed. R. Civ. P. 12(b)(2) and (3) motion to dismiss or 28 U.S.C. § 1404(a) transfer. (Dkt. 26) (the "Letter"). Any such motion would fail on all grounds and would only serve to waste judicial and party resources.

This action relates to Defendants' mass-production and sale of infringing and fake "Nike" products, which Defendants sell under the guise of "customization." (Dkt. 1 ("Compl").) As expressly noted in the Complaint, this case is *not* about defendant Dominic Ciambrone's authorized and "one-off" customizations he has done for Nike and various celebrities and athletes, despite the lip service this activity receives in the Letter. (Letter at 3; Compl. ¶¶ 1, 90-91).

Nike alleges numerous facts relating to Defendants' substantial activities in New York because Defendants are heavily engaged in violating Nike's trademark rights here. These facts include: Defendants own and operate a retail store steps away from this Court on Fulton Street where they sell fake "Nike" shoes and/or materially altered Nike shoes (Compl. ¶¶ 20, 23); the Fulton Street store also offers in-person classes to teach consumers how to create fake "Nike" shoes that copy popular Nike silhouettes (Compl. ¶¶ 23-24, 119); Defendants employ New York staff to teach the counterfeiting classes and to sell "Nike" shoes and other goods from the store; and Defendants use websites that purposefully target consumers in New York, and direct unauthorized and infringing uses of Nike's trademarks into New York and this District. (Compl. ¶¶ 19, 24).

*Defendants' Anticipated Rule 12 Motion Would Fail*

Defendants first assert that Nike's complaint should be dismissed pursuant to Fed. R. Civ. P 12(b)(2), although Defendants do not explain why. (Letter at 1.) On a Rule 12(b) motion, Nike need only make a *prima facie* showing of personal jurisdiction, and the Court construes the complaint in a light most favorable to Nike. *See Chloe v. Queen Bee of Beverly Hills, LLC,* 616 F.3d 158, 163 (2d Cir. 2010). Determining personal jurisdiction has two-steps: 1) the forum state's

September 9, 2024
Page Two

long-arm statute must permit personal jurisdiction; and 2) personal jurisdiction must comport with the due process. *Id*. at 164. On the first step, it is "well established that a 'single act' of selling counterfeit goods into New York satisfies the long-arm statute under Section 302(a)(1)." *Caliko, SA v. Finn & Emma, LLC*, 2022 WL 596072, *3 (S.D.N.Y. Feb. 28, 2022); *see also Chloe*, 616 F.3d at 165 (single shipment of a handbag into New York gives rise to personal jurisdiction). Offering infringing items for sale to New York consumers likewise confers jurisdiction. *Id.* at 170. Moreover, "[t]he Second Circuit has held that it is purposeful to sell goods in the forum using an interactive website, even when the defendant is not physically present." *Moonbug Ent. Ltd. v. Autumn Sell*, 2023 WL 2051247 at *7 (S.D.N.Y. Feb. 16, 2023) (Buchwald, J.). On the second step, a court determines whether a defendant has sufficient contacts within New York to justify the exercise of personal jurisdiction. *See Chloe*, 616 F.3d at 164. Where plaintiff's suit arises out of or relates to defendant's contacts with the forum, specific jurisdiction exists. *Chloe*, 616 F.3d at 164. Plaintiff must also show that jurisdiction is reasonable under the circumstances of the case. *Siegel v. Ford,* No. 16-CV-8077 (JPO), 2017 WL 4119654, at *5 (S.D.N.Y. Sept. 15, 2017).

This Court has specific jurisdiction over Defendants for the same reason New York's long-arm statute is satisfied. Defendants have amply and purposely availed themselves of the privilege of conducting New York sales activity. They own a retail location in New York and sell infringing and counterfeit "Nike" products there. Their New York employees operate that store and teach consumers how to make fake "Nike" footwear. They own and operate an interactive website through which they sell and ship goods to New York consumers.[1] The fact that Defendants have operations in other markets does not diminish these purposeful contacts with New York. *Chloe*, 616 F.3d at 171. Personal jurisdiction is also reasonable, and Defendants' general complaints of inconvenience are an insufficient basis to defeat personal jurisdiction.[2] *Amorphous v. Morais,* No. 17 CIV. 631 (NRB), 2018 WL 1665233 at *7 (S.D.N.Y. Mar. 15, 2018); *Autumn Sell*, 2023 WL 2051247 at *7 (given conveniences of modern communication and transportation, defendants' China location provides weak support). New York has a deep interest in adjudicating infringements aimed at its residents, and this District is obviously capable of reaching an efficient resolution for this pending case, as well as an interest in furthering "laws established by the Lanham Act." *Id.* at *7.[3] Defendants' Rule 12(b)(2) argument would therefore fail.

---

[1] In *Aero AG Holdings, LLC v. Huggoes Fashion LLC*, 2022 WL 4463896, at *3-*4 (S.D.N.Y. Sept. 26, 2022), the one case cited in the Letter on this point, defendants did not have "any employees, property, bank accounts, or operations in NY nor has [Plaintiff] alleged anything to the contrary." This is obviously not the case here.

[2] That Nike (and the undersigned on Nike's behalf) has litigated in California is irrelevant, and in any event none of those cases involved defendants selling counterfeits in physical retail locations or offering counterfeiting courses in New York. Further, Nike sued MSCHF in the Eastern District of *New York*, not in California. (Letter at 1.)

[3] Nike also notes that an officer of a company (here, Ciambrone and Imbimbo) can be liable for their companies' acts of infringement if, like here, the officer was an active force behind the infringement; jurisdiction exists over those officers for the same reasons it exists over the company. *Nat'l Hockey League v. Hockey Cup LLC,* 2019 WL 130576 at *6 (S.D.N.Y. Jan. 8, 2019); *KatiRoll Co. v. Kati Junction, Inc*., 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014); *Chloé v. Queen Bee of Beverly Hills, LLC*, 2011 WL 3678802, at *4 (S.D.N.Y. Aug. 19, 2011).

Defendants' next argument is that the Court should dismiss under Rule 12(b)(3) based on a forum selection provision **to which Defendants are not a party**. This argument is a serious reach and should be swiftly rejected.[4] Nike's complaint includes images relating to Defendants' unauthorized use of Nike trademarks in a mobile app developed by a non-party named Swatchbook. (Compl. ¶ 137.) According to Defendants, for Nike or Nike's outside lawyers to access the images used in the Complaint, they accepted Swatchbook's terms of use, which contain a California forum selection clause. Ergo, Nike is subject to that clause for this case. Defendants offer no legal support that Swatchbook's terms apply to Nike or its claims against Defendants here. Defendants' only cited authority—*Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714 (2d Cir. 2013)—is inapposite and factually distinguishable because, *inter alia*, Nike did not sue Swatchbook, it was not foreseeable nor reasonable that Defendants would attempt to enforce Swatchbook's forum selection clause against Nike, and *Magi XXI, Inc.* does not involve a claim that a litigant is subject to a forum selection provision because of imagery used in a legal pleading. The Rule 12(b)(3) argument thus would also fail.

*Defendants' Anticipated § 1404(a) Motion Would Fail*

A §1404(a) motion to transfer would fare no better than a Rule 12 motion.[5] It is well established that as plaintiff, Nike's choice of forum is entitled to great weight. *Do Something, Inc. v. San Diego Rock Church, Inc.*, No. 11 CIV. 6462 AKH, 2012 WL 1382276 at *4 (S.D.N.Y. Apr. 20, 2012); *see also Kiss My Face Corp. v. Bunting*, No. 02CIV2645 (RCC), 2003 WL 22244587 at *4 (S.D.N.Y. Sept. 30, 2003). Defendants' business activity and connection to the Nike's chosen forum is undoubtedly ongoing and far from *de minimis*. *Id*. In addition, all parties here have significant operations in this District (Compl. ¶ 26); *see Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 235 (S.D.N.Y. 2005) (as both plaintiffs and the lawsuit itself have *bona fide* SDNY connections, their choice of forum entitled to significant deference even where New York is not plaintiffs' home forum). These facts rebut Defendants' unfounded speculation that Nike filed this action in this District for improper reasons. Defendants also assert that the convenience of the parties and witnesses heavily favors transfer but fail to demonstrate that any potential party or relevant non-party witness would be unwilling to travel to New York. *Kiss My Face Corp.*, 2003 WL 22244587 at *4; *NBA Properties, Inc. v. Salvino, Inc.*, 11799 AGS, 2000 WL 323257 at *5 (S.D.N.Y. Mar. 27, 2000). They also fail to recognize the modern ease of sharing evidence and availability of technology such that engaging in discovery can be accomplished quite easily. *ESPN, Inc. v. Quicksilver, Inc.*, 581 F.Supp.2d 542, 547 (S.D.N.Y. 2008). Because these factors weigh in Nike's favor, a § 1404(a) motion to transfer would also fail.

---

[4] Defendants did not argue that venue is improper outside the forum selection provision, likely because Nike has alleged far more than required to establish that substantial acts relating to its claims occurred in New York. *Glob. Merch. Servs., Ltd. v. Sunfrog, LLC*, No. 17 CIV. 10154 (AKH), 2018 WL 11223365 at *4 (S.D.N.Y. Aug. 9, 2018).

[5] A Rule 1404(a) motion is not a responsive pleading to a complaint and does not stay the time to answer.

September 9, 2024
Page Four

Respectfully submitted,

/s/ *Tamar Duvdevani*

Tamar Y. Duvdevani

CC:   All counsel of record (via ECF)