UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>S2, INC. D/B/A THE SHOE SURGEON, SURGEON WORLDWIDE, INC., DOMINIC CHAMBRONE A/K/A/ DOMINIC CIAMBRONE, AND DALLAS IMBIMBO,<br>                 Defendants. | Civil Action No.: 1:24-cv-05307-NRB |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Nike, Inc. ("Nike" or "Plaintiff") and Surgeon Worldwide, Inc., S2 Services, Inc. f/k/a S2, Inc., Dominic Chambrone a/k/a Dominic Ciambrone, and Dallas Imbimbo (collectively "Defendants" or "The Shoe Surgeon"), through their respective counsel, subject to the approval of the Court, that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Stipulated Protective Order ("Order") be entered for good cause:

IT IS HEREBY ORDERED THAT:

A.    <u>Information To Be Protected as Confidential Material.</u>

      1.    This Stipulated Protective Order ("Order") shall govern the treatment of pre-trial materials in this action including but not limited to, document, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admission, deposition testimony and exhibits, other transcripts, and all copies, extracts, summaries, notes, images, compilations, designations, and portions thereof. The Parties shall designate all such materials as containing "Confidential" information or "Highly Confidential – AEO" information as defined below and is furnished by either the Plaintiff, Defendants, or non-party subject to this

Order.  Any materials labeled or testimony denoted with either designation and the information contained within those materials (collectively, "CONFIDENTIAL MATERIAL") shall not be used by any Party, person, or nonparty entity except in accordance with the terms of this Order. All documents, or things or oral testimony including, but not limited to, CONFIDENTIAL MATERIAL, produced or exchanged in connection with this action, shall be used for purposes of this litigation only and for no other purpose (including, but not limited to, any business, commercial, or competitive purpose) and shall not be used in any other action or proceeding without either the written agreement of the Party producing the documents or things or oral testimony or further order of the Court.  A Person (meaning any natural person or legal entity or association of any kind or nature) or Party designating material as CONFIDENTIAL MATERIAL shall hereinafter be referred to as the "Producing Party."  A Party receiving the CONFIDENTIAL MATERIAL shall hereinafter be referred to as the "Receiving Party."

     2.    A document, thing, or oral testimony may be designated as "Confidential" if it contains confidential or proprietary technical or scientific information or know-how, information which if disclosed would constitute an invasion of personal privacy, or which could endanger the life or safety of any person, or other non-public confidential, commercially sensitive information, including, but not limited to, business, strategy, marketing, financial, research, development, technical, personnel, or customer or supplier information. Public records and other information or documents that are publicly available may not be designated as "Confidential."

     3.    A document, thing, or oral testimony may be designated as "Highly Confidential – AEO" only if it contains trade secret or particularly sensitive  non-public and confidential personal, proprietary, or commercially sensitive information that the Producing Party reasonably and in good faith believes would harm the personal, commercial, financial, strategic, or business interests of

any Producing Person or its employees, customers, or clients if disclosed to the other parties in this Litigation, or would create a risk of injury to a Producing Person that would not exist in the absence of such disclosure, including but not limited to the Producing Party's: (i) future plans for marketing and selling goods and services using the trademarks at issue in this Litigation; (ii) non-public financial information; (iii) pricing strategy or methodology for the sale of goods and services using the trademarks at issue in this Litigation; or (iv) anticounterfeiting and brand protection measures. Public records and other information or documents that are publicly available may not be designated as "Highly Confidential – AEO."

4. Any document or thing (or a copy or reproduction thereof) produced by any Party or nonparty in response to any request for production or subpoena duces tecum in this action may be designated for confidentiality within the meaning of this Order by marking the face of each document or prominently on the thing with the word "Confidential" or the phrase "Highly Confidential - AEO," as specified in Paragraphs 2 and 3 above, and the entire document or thing shall be so designated and subject to the protections of this Order. Other information provided through discovery, including, but not limited to, all or any part of discovery papers such as interrogatory responses, responses to requests for admissions, answers to deposition questions, information disclosed at hearings, information obtained from inspection of premises or things, and pleadings, motions, briefs, other court papers, and other material generated in the course of this action, including, but not limited to correspondence between counsel, summaries, notes, abstracts or other instruments that comprise, embody, summarize, discuss, or quote from any documents produced in this action, similarly may be designated as CONFIDENTIAL MATERIAL subject to the protections of this Order.

5. If a good faith basis exists, the Parties and non-parties subject to this Order may redact certain portions of materials designated as containing CONFIDENTIAL MATERIAL to the extent such materials contain highly sensitive personally identifiable information (e.g., social security numbers, taxpayer identification numbers, driver's license numbers, bank account numbers, passport numbers, passwords, biometric information, health information protected by HIPAA, etc.).

6. For testimony given in depositions or other pretrial proceedings, all transcripts will be automatically designated as "Highly Confidential – AEO" from the date of the deposition until twenty-eight (28) days after the final original transcript becomes available for review. Within this twenty-eight (28) day period either Party may designate by page and line number the portions of the transcript and any specific exhibits or attachments that are to be treated as protected. After twenty-eight (28) days have passed, any specific portions of the transcript that have not been specifically designated Confidential or Highly Confidential – AEO by any party or non-party shall no longer be considered Highly Confidential – AEO. Counsel may modify this procedure for any particular deposition, through mutually acceptable agreement on the record at such deposition, without further order of the Court.

7. By receiving material designated as Confidential or Highly Confidential – AEO, the Receiving Party does not thereby concede or otherwise accept that such information is in fact CONFIDENTIAL INFORMATION, but agrees to abide by the terms described in this Order with regard to that information. A Party objecting to any such CONFIDENTIAL MATERIAL designation, shall follow the procedure set forth in Paragraph 18 below to resolve any such objection.

B.      Information Not To Be Protected as Confidential.

6.      Notwithstanding the designation of any materials as any type of CONFIDENTIAL MATERIAL, those materials shall not be deemed confidential and shall not be subject to this Order if the content or substance thereof:

(a)     is, or becomes, public knowledge, other than through violation of the terms of this Order;

(b)     was already in the possession of the Receiving Party before it received the CONFIDENTIAL MATERIAL from the Producing Party;

(c)     is disclosed by a Receiving Party or nonparty pursuant to a legally binding order from a Court of competent jurisdiction, following prompt written notice to the Producing Party that allowed the Producing Party the opportunity to timely oppose the Demand before responding or producing any CONFIDENTIAL MATERIAL as set forth in Paragraph 18, below, provided that the Receiving Party will seek confidential treatment of such materials within those proceedings equivalent to the protection afforded under this Protective Order; regardless of whether the court in another proceeding orders such confidential treatment, the Receiving Party will continue to treat the CONFIDENTIAL MATERIAL in line with this Protective Order, and will instruct all further receiving parties to treat that CONFIDENTIAL MATERIAL accordingly; or

(d)     is disclosed by a Receiving Party with the advanced written approval of the Producing Party, in which case the Receiving Party will continue to treat the CONFIDENTIAL MATERIAL in line with this Protective Order, and will instruct all further receiving parties to whom Producing Party authorized disclosure in writing to treat that CONFIDENTIAL MATERIAL accordingly.

Notwithstanding the foregoing, a Party shall not unilaterally treat as non-confidential any document or information produced as CONFIDENTIAL MATERIAL but shall instead obtain either the agreement of the Party designating the material as CONFIDENTIAL MATERIAL or utilize the procedure of Paragraph 18 below before treating as non-confidential any such document or information.

C.      Nonparty May Designate Information to Be Protected as Confidential.

7.      If any materials are obtained from any person not a Party to this action, including, but not limited to, documents produced through a subpoena duces tecum, or deposition testimony, that person or entity shall have the same rights to designate any such materials as CONFIDENTIAL MATERIAL as a Party would have, and the use of those materials by the Parties shall be governed in all respects by this Order.  The terms "Party" or "Parties" used in this Order shall be deemed to include any such nonparty to the extent necessary or appropriate to effectuate the terms of this paragraph.  Each Party seeking discovery from any nonparty by subpoena shall serve a copy of this Order along with the subpoena.

D.      Persons Who Have Access to Information to be Protected as Confidential.

8.      Subject to the additional requirements below, materials designated by a Party as "Confidential" may be disclosed only to:

(a) the Receiving Party's outside counsel and in-house counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction;

(b) officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this action and solely for use in this action;

(c) independent and technical experts and consultants and their staff who are retained by any Party or Party's counsel to assist in this action, including but not limited to a copy vendor, an e-discovery vendor, stenographer, or videographer. Parties agree that such experts or consultants (i) are not current employees of a Party or of a Party's affiliate,

6

and (ii) at the time of retention, are not anticipated to become employees of a Party or of a Party's affiliate;

(d) any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(e) this Court and Court staff;

(f) any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

(g) such other persons as agreed upon by the Parties in writing, or after the Parties having been heard, such persons that the Court deems necessary for the efficient and proper adjudication of this action.

9. Subject to the additional requirements of Paragraph 11, materials designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by a Party may be disclosed only to:

(a)    the persons identified in Paragraphs 8(c)-8(g).

(b)    the Receiving Party's outside counsel, including support staff reasonably necessary to assist that counsel and operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

(c)    No more than two (2) members of the Receiving Party's in-house legal counsel.

10. In addition to those persons described in Paragraphs 8-9 above who may receiving CONFIDENTIAL MATERIAL, any former employee, associate, representative, or consultant of a Party may be examined and may testify at a deposition concerning any documents or information designated as CONFIDENTIAL MATERIAL by that Party, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that Party.

E.    Additional Requirements Concerning Disclosure to Certain Persons.

11. Prior to disclosure of or providing access to CONFIDENTIAL MATERIAL by any Party or its counsel to any person other than the Court and Outside Counsel described in Paragraphs 8-10, above, the person shall be informed of the existence of this Order and provided with a copy to read. The person will then certify in writing that he or she has read and understood the Order and that the terms shall be binding on the individual, in the form attached to this Order as **Exhibit A**. Each person who receives any such CONFIDENTIAL MATERIAL agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to his or her performance under, compliance with, or violation of this Order.

12. If this Court orders that access to or dissemination of any type of CONFIDENTIAL MATERIAL shall be had by or made to persons not included in Paragraphs 8-10 above, that CONFIDENTIAL MATERIAL shall be accessible to or disseminated to only those persons based on the conditions pertaining to and the obligations arising from this Order, and those persons shall sign the affidavit in the form attached to this Order as Exhibit A, and, in all other respects, shall be considered subject to this Order.

F. <u>Briefs and Other Papers Filed with the Court.</u>

13. When any CONFIDENTIAL MATERIAL is filed with the Court, it shall be filed under seal in accordance with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the S.D.N.Y. Electronic Case Filing Rules & Instructions, and Judge Buchwald's Individual Rules & Practices in Civil Cases, unless otherwise directed by the Court.

G. <u>Inadvertent Disclosure.</u>

14. <u>No Waiver</u>. Inadvertent disclosure of information, which a Party intended to designate as CONFIDENTIAL MATERIAL protected under this Order, by any Party to any

person or organization not authorized to receive such information under this Order shall not constitute waiver of any right to claim the information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, as so protected and to request its immediate return or designation as protected upon discovery of the error.

15. <u>Notification</u>.  A Producing Party must notify the Receiving Party, in writing, that it has disclosed that CONFIDENTIAL MATERIAL without intending a waiver by the disclosure. Upon receipt of such notification, the Receiving Party shall provide a written certification that it will cease further review, dissemination, and use of the CONFIDENTIAL INFORMATION except to the extent permitted under this Order.

16. <u>502(d) Order</u>.  The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

H. <u>Discovery of Disclosure to Unauthorized Persons.</u>

17. If CONFIDENTIAL MATERIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly on discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all Parties and, if appropriate, to the Court, and, without prejudice to other rights and remedies of any

Party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of that CONFIDENTIAL MATERIAL.

I.      Challenges to Designations as Protected.

18.     If the Parties or their counsel disagree as to whether certain information should be protected under this Order, they are obligated to negotiate in good faith regarding the designation by the Producing Party.  In the event that a Receiving Party objects to the designation hereunder and seeks the removal or modification of any such designation, then the Receiving Party may notify the Producing Party of that objection in writing at any time.  If the Producing Party disagrees with the objection in whole or part, then it shall so notify the Receiving Party within ten (10) business days after receiving the objection.  If the Producing Party does not so notify the Receiving Party within the ten (10)-business-day notice period, then each designation in question shall be deemed removed or modified in accordance with the objection.  If the Producing Party has given written notice in accordance with this paragraph, and the Parties have not resolved all the objections by mutual agreement, then the Receiving Party seeking to remove or modify the designation of any document or information as CONFIDENTIAL MATERIAL shall have the burden of applying to the Court for an order granting it corresponding relief from the applicable restrictions of this Order.  On any such motion, the burden of persuasion shall be on the Producing Party to establish good cause for prohibiting the disclosure or sustaining the designation in issue. Unless and until such relief is granted, the documents and information in question shall remain protected hereunder.

J.      Handling of Confidential Information.

19.     Disclosure of CONFIDENTIAL MATERIAL is intended only to facilitate the prosecution or defense of this action.  The recipient of any CONFIDENTIAL MATERIAL

disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in securing, handling, storing, using, or disseminating CONFIDENTIAL MATERIAL in a manner reasonably calculated to prevent disclosure of CONFIDENTIAL INFORMATION to any persons not authorized under this Order.

20. CONFIDENTIAL MATERIAL shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order.

K. <u>Demands from Federal, State, or Local Governments or Agencies.</u>

21. In the event that any entity or person subject to this Order receives a subpoena, civil investigative demand, or other legal process or request, including, but not limited to any such subpoena, demand, or request from any federal, state, or local government or any of their agencies seeking disclosure or production of any CONFIDENTIAL INFORMATION, such entity or person shall give written notice of such request to all Parties within five (5) business days of receipt of the request and shall provide a copy of such subpoena, demand, process, or request to all Parties and shall inform the entity issuing or seeking a court to issue such subpoena, civil investigative demand, or other process or request that any such information or documents sought are confidential and subject to this Order.

L. <u>Handling of Confidential Information After Termination of This Action.</u>

22. Within sixty (60) calendar days after the final termination of this action, the Parties and their attorneys shall return to each Producing Party or shall destroy all documents or things that constitute, contain, discuss, or refer to in any way CONFIDENTIAL INFORMATION disclosed during the action, except that (i) outside trial counsel for each Receiving Party may retain one archival copy of CONFIDENTIAL INFORMATION produced by the Producing Party, a

reasonable number of copies of briefs, demonstrative exhibits, and the like derived from that CONFIDENTIAL INFROMATION; and (ii) a Receiving Party may retain CONFIDENTIAL INFORMATION that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided, however, that such information shall remain CONFIDENTIAL INFORMATION subject to this Order.

M.   <u>Handling of Confidential Information at Trial.</u>

23.   Nothing herein shall preclude the offer or admission in evidence at trial of CONFIDENTIAL INFORMATION.

N.   <u>Other Rights of the Parties and Counsel.</u>

24.   Nothing in this Order shall prevent a Party from using or disclosing its own CONFIDENTIAL MATERIAL.

25.   Nothing in this Order shall prevent the Parties from mutually agreeing to the use or disclosure of CONFIDENTIAL MATERIAL other than as permitted by this Order.

26.   Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this action and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as CONFIDENTIAL MATERIAL; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of such CONFIDENTIAL MATERIAL.

27.   Nothing herein shall preclude the filing by any Party of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

28.     By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

O.      Court's Jurisdiction After Termination of the Action.

29.     This Court shall retain jurisdiction, even after termination of this action, regarding any dispute between the Parties respecting improper use or disclosure of CONFIDENTIAL INFORMATION under protection of this order.

**SO STIPULATED.**

Dated:  December 3, 2024

| | |
|---|---|
| */s/ Tamar Y. Duvdevani* | */s/ Michel Adams* |
| Tamar Y. Duvdevani | Michel Adams |
| tamar.duvdevani@us.dlapiper.com | madams@rutan.com |
| Marc E. Miller | Meredith L. Williams |
| marc.miller@us.dlapiper.com | mwilliams@rutan.com |
| Joshua Schwartzman | **Rutan & Tucker LLP** |
| joshua.schwartzman@us.dlapiper.com | 18575 Jamboree Road, 9th Floor |
| Gabrielle Velkes | Irvine, California 92612 |
| gabrielle.velkes@us.dlapiper.com | Telephone: (714) 641-5100 |
| **DLA Piper LLP (US)** | |
| 1251 Avenue of The Americas, 27th Fl. | Zakari A. Kurtz |
| New York, NY 10020 | zak@sneakerlawfirm.com |
| Telephone: (212) 335-4500 | **Sneaker Law Firm PLLC dba Sneaker & Streetwear Legal Services** |
| Facsimile: (212) 335-4501 | 928 Washington Str. |
| | Baldwin, NY 11510 |
| *Attorneys for Plaintiff Nike, Inc.* | Telephone: (540) 230-2965 |
| | |
| | Michael R. Yellin |
| | myellin@colescotz.com |
| | **Cole Schotz P.C.** |
| | 1325 Avenue of the Americas, 19th Floor |
| | New York, New York 10019 |
| | Telephone: (212) 752-8000 |
| | |
| | *Attorneys for Defendants, S2 Services, Inc. f/k/a S2, Inc., Surgeon Worldwide, Inc. d/b/a The Shoe Surgeon, Dominic Chambrone a/k/a Dominic Ciambrone, and Dallas Imbimbo* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

Dated:  _____

 _____
 The Honorable Naomi Reice Buchwald
 United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIKE INC., <br>          Plaintiff, <br><br> v. <br><br> S2, INC. D/B/A/ THE SHOE SURGEON, SURGEON WORLDWIDE, INC., DOMINIC CHAMBRONE A/K/A/ DOMINIC CIAMBRONE, AND DALLAS IMBIMBO, <br>          Defendants. | Civil Action No.: 1:24-cv-05307-NRB |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE COUNT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Stipulated Protective Order and this Affidavit by contempt proceedings or other appropriate judicial remedies.

                  _____
                  [Name of Affiant]