

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Tamar Y. Duvdevani
tamar.duvdevani@us.dlapiper.com
T   212.335.4799
F   917.778.8799

December 9, 2024
*VIA ECF*

The Honorable Naomi Reice Buchwald, U.S.D.J.
Southern District of New York, 500 Pearl Street
New York, NY 10007-1312

**Re:**   *Nike, Inc. v. S2, Inc. et al.*, Case No. 1:24-cv-05307-NRB

Dear Judge Buchwald:

On behalf of Nike, Inc. ("Nike"), we write pursuant to Section 2.B of the Court's Individual Practices to respectfully request a pre-motion conference in anticipation of Nike's partial motion to dismiss Counts I and III of Surgeon Worldwide, Inc., Dominic Ciambrone a/k/a/ Dominic Ciambrone, and Dallas Imbimbo's (collectively "The Shoe Surgeon") Counterclaims and to strike The Shoe Surgeon's Sixth and Tenth affirmative defenses.  Just like its withdrawn jurisdictional challenge, these claims and defenses are no more than a meritless sideshow intended to distract from Nike's legitimate concerns over The Shoe Surgeon's widespread intellectual property theft.

A.   <u>The Defamation Counterclaim (Count I) Should Be Dismissed</u>

Nike's complaint sets forth detailed allegations supporting its Second and Fourth Counts for Counterfeiting, including allegations that The Shoe Surgeon is "designing and manufacturing new 'Nike' shoes entirely from scratch, i.e., brand new shoes that look just like Nike shoes and contain identical or nearly identical versions of Nike's trademarks and trade dress yet were not authorized by Nike" and is "teaching third parties how to manufacture Counterfeit 'Nike' Shoes from scratch, with little to no material original to any authorized Nike shoe."  (ECF No. 9 at ¶¶ 104, 134.)  The Shoe Surgeon has now counterclaimed that these (and other similar) allegations supporting Nike's counterfeiting counts, as well as Nike's public statement commenting on the complaint allegations, amount to defamation and/or trade libel.  (ECF No. 36 at ¶¶ 7-8, 100, 105, 110-114, 128-134.)  This claim has no merit because Nike's allegations are privileged and are not false.

*Nike's In-Court Accused Statements are Absolutely Privileged.*  A viable claim for defamation requires a false statement of fact, published to a third party without privilege or authorization.  *Peters v. Baldwin Union Free Sch. Dist.*, 320 F.3d 164, 169 (2d Cir. 2003).  New York accords an absolute privilege to written statements made in judicial proceedings relating to the litigation.  *See D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 216 (E.D.N.Y. 2012).  Nike's counterfeiting counts and supporting allegations that The Shoe Surgeon makes fake Nike shoes "from scratch" – including by affixing "Swooshes" and other registered Nike marks that Nike did not authorize or manufacture – are undoubtedly related to the litigation.  They are thus accorded absolute privilege.

Hon. Naomi Reice Buchwald
Page Two

*See e.g., Kelly v. Albarino*, 485 F.3d 664, 666 (2d Cir. 2007); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 455-56 (E.D.N.Y. 2013). As this Court has stated, the privilege "is extremely broad, encompassing anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Bletas v. Deluca*, 11-cv-1777 (NRB), 2011 WL 13130879, at *8 (S.D.N.Y. Nov. 15, 2011) (dismissing defamation claim). The Shoe Surgeon does not just eschew the clear immunity these statements are afforded, it actually concedes in its pleading that they are "likely [to] be considered privileged," yet brings the claim based on these allegations anyway. (ECF No. 36 at ¶ 11.)

*Nike's Out-of-Court Statement Comments on the Complaint and Is Also Privileged.* The Shoe Surgeon also alleges as defamatory Nike's media statement about the counterfeiting counts and The Shoe Surgeon's creating and teaching others how to create Nike shoes "from scratch."[1] (ECF No. 36 ¶¶ 8, 103-104, 129.) This statement is a "fair and true report of [the] judicial proceeding" and is therefore privileged under Section 74 of New York Civil Rights Law. *D'Annunzio*, 876 F. Supp. 2d at 217-18. Nike's out-of-court statement merely reiterated the complaint's allegations and The Shoe Surgeon does not contend otherwise. Yet even if the media statement embellished Nike's legal claims – which it did not – the defamation count would still fail. *Geiger v. Town of Greece*, 311 F. App'x. 413 (2d. Cir. 2009) (affirming libel dismissal based on out-of-court statements that used "more colorful language" than in judicial proceeding).

*The Accused Statements Are Not False.* Even if the privileges referenced above did not fully dispose of The Shoe Surgeon's defamation count, it would still fail because the complaint's statements by definition are not false; they are legal causes of action and well-pleaded factual contentions.[2] The Shoe Surgeon alleges that Nike's counterfeiting counts are defamatory because Nike "play[s] upon the plain meaning and popular understanding of [an] incendiary term," with the "incendiary" term being "counterfeit." (ECF No. 36 at ¶¶ 8, 105, 128.) It is unclear how Nike could assert its Second and Fourth Counts for direct and contributory *counterfeiting* under Section 1114 of the Lanham Act without using the word "counterfeit." (ECF No. 9 at ¶¶ 164-171, 181-188.) The Lanham Act defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. This is precisely the context in which Nike uses the term in its complaint. (ECF No. 9 at ¶¶ 4, 8, 12, 104, 164-171, 181-188.) The Shoe Surgeon has denied Nike's allegations that it creates fake versions of Nike registered trademarks, affixes them to shoes, and sells them to U.S. consumers, and teaches others how to manufacture shoes bearing spurious Nike marks "with little to no material original to any authorized Nike shoe." (*Id.* at ¶ 134; ECF No. 36 at ¶ 4, 8, 12, 104, 134 164-171, 181-188.) But those denials do not render Nike's use of the word "counterfeit" defamatory, and adjudication of this action will shed light on Nike's well-plead allegations and The Shoe Surgeon's apparent belief that its mass creation and widespread sale of shoes bearing spurious "Nike" trademarks does not constitute Lanham Act counterfeiting. Regarding "from scratch," The Shoe Surgeon *admits* that

---

[1] The Shoe Surgeon cites to publications in which the full Nike statement appears. (ECF No. 136 at ¶ 106 (*e.g.*, https://www.complex.com/sneakers/a/victor-deng/nike-suing-shoe-surgeon-trademark-Infringement).)

[2] This "defamation" claim is thus in actuality one for malicious prosecution, but any such claim is premature until this litigation is concluded, and then only if The Shoe Surgeon prevails. *See Morgan Guaranty Trust Co. v. Republic of Palau*, 657 F. Supp. 1475, 1486 (S.D.N.Y. 1987).

it "often" uses the words "from scratch" to describe its services, characterizing them as a "term of art." (ECF No. 36 at ¶ 100.) Nike does not know what "from scratch" means other than its plain meaning, but to the extent it is subject to multiple interpretations as The Shoe Surgeon concedes, it cannot be defamatory as a matter of law. *See Williams v. Buffalo Pub. Sch.*, 758 F. App'x 59, 65 (2d Cir. 2018) (affirming dismissal where the accused statement "lack[ed] precise meaning.") For these reasons, The Shoe Surgeon's First Count fails.

B. <u>The Shoe Surgeon's Invalidity Counterclaim (Count III) and Parallel Affirmative Defense (Sixth Affirmative Defense) Should Be Dismissed and Struck.</u>

Without a single supporting factual allegation in the body of its pleading, The Shoe Surgeon lumps together Nike's 13 asserted trade dress registrations in its Third Count for invalidity and cancellation based on functionality. (ECF No. 36 at ¶¶ 139-141.) A product feature is considered functional if it is "essential to the use or purpose of the article," or "affects the cost or quality of the article." *Christian Louboutin S.A.* v. *Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 218–19 (2d Cir. 2012). Instead of pleading any such factual allegations or even giving lip service to essentiality in its Third Count, The Shoe Surgeons lifts vague language from a pleading filed in a different case and plugs it into Paragraph 139 of its Counterclaim, and follows it up with another paragraph about a lack of distinctiveness, even though 8 of Nike's 13 asserted registrations in this action are incontestable and cannot be canceled on that basis.[3] *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 131 F. Supp. 3d 196, 214 (S.D.N.Y. 2015) (incontestable trademarks "enjoy[] a conclusive presumption of distinctiveness.") This throwaway Count fails as a matter of law, as does the Sixth Affirmative Defense that reiterates the language and should be struck for the same reason. (ECF No. 36 p. 39.) The defense also fails to provide notice as to which of Nike's "one or more" trademarks it attacks. (*Id.*)

C. <u>The Shoe Surgeon's Tenth Affirmative Defense for Equitable Relief Should Be Struck.</u>

The Shoe Surgeon's Tenth Affirmative Defense states only that "Plaintiff's claims are barred, in whole or in part, by the doctrine of consent, acquiescence, and/or waiver." (ECF No. 36 p. 40.) These separate equitable defenses all require either the "active" representation or "intent" by Nike to relinquish a known right. *Coach Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 427 (S.D.N.Y. 2010) (as to acquiescence); *Torain v. Clear Channel Broad., Inc.*, 651 F. Supp. 2d 125, 146 (S.D.N.Y. 2009) (as to waiver); *Bingham v. Zolt*, 823 F. Supp. 1126, 1132 (S.D.N.Y. 1993) (as to consent). Yet there are no factual allegations in either party's pleadings that plausibly show that Nike actively agreed to permit any of the multiple categories of accused activities, and it is also entirely unclear which of those activities supposedly received Nike's active consent. *Coach,* 756 F. Supp. 2d at 427. To the contrary, Nike pleads multiple instances wherein it demanded that The Shoe Surgeon cease its unlawful activities to no avail, ultimately compelling this litigation. (ECF No. 9 at ¶¶ 142-147.) Accordingly, this defense should be struck.

---

[3] The Shoe Surgeon borrows unrelated allegations from *Nike, Inc. v. By Kiy, LLC*, 23-cv-2431-VM, (ECF No. 53 at ¶ 22), (S.D.N.Y. Feb. 13, 2023), a case resolved by consent judgment involving three of Nike's trade dress registrations. As a result of this cribbing, Count III cites to irrelevant concepts like distinctiveness and patentability, which are "separate issues." *Telebrands Corp. v. Del Lab'ys, Inc.,* 719 F. Supp. 2d 283, 297 (S.D.N.Y. 2010).

Hon. Naomi Reice Buchwald
Page Four

                    Respectfully submitted,

                    Tamar Y. Duvdevani
                    *Attorney for Plaintiff Nike, Inc.*

cc: All Counsel of Record via ECF