UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NIKE, INC.,

Plaintiff,

v.

S2 SERVICES, INC. F/K/A S2, INC.; SURGEON WORLDWIDE, INC.; DOMINIC CHAMBRONE A/K/A DOMINIC CIAMBRONE; AND DALLAS IMBIMBO,

Defendant.

INDEX NO. 1:24-cv-05307-NRB

SURGEON WORLDWIDE, INC.; DOMINIC CHAMBRONE A/K/A DOMINIC CIAMBRONE; AND DALLAS IMBIMBO,

Counterclaim - Plaintiffs,

-against-

NIKE, INC,

Counterclaim - Defendant.

**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION**

**WHEREAS**, on July 15, 2024, Nike, Inc. filed the operative complaint (as modified on July 16, 2024) in the above-captioned action bringing claims against Defendants S2 Services, Inc., Surgeon Worldwide, Inc., Dominic Chambrone a/k/a Dominic Ciambrone, and Dallas Imbimbo (collectively the "Defendants") for direct and contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Counts I and III), direct and contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Counts II and IV), unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count V), federal dilution under the Lanham Act, 15 U.S.C. § 1125(c)

(Count VI), and dilution under New York General Business Law, § 360-l (Count VII) (ECF Nos. 1, 9);

**WHEREAS** Defendants filed an answer to Nike's Complaint on November 18, 2024 asserting fourteen affirmative defenses (ECF No. 36);

**WHEREAS** the Parties have entered into a Confidential Settlement Agreement, pursuant to which Defendants will pay an undisclosed sum to Nike as a condition of settlement;

**WHEREAS** the Parties advise the Court that pursuant to that Confidential Settlement Agreement, Nike and Defendants stipulate and agree to the entry of a final and enforceable judgment regarding Nike's claims against the Defendants on the terms set forth herein, and as separately stated in a Confidential Settlement Agreement agreed to by the parties, request entry of this Order as a final and enforceable judgment with respect to Nike's claims;

**THERFORE, IT IS HEREBY ORDERED** that Defendants stipulate, agree, and acknowledge that Nike is the exclusive owner of the following registered trademarks, trademark applications, and all related common law rights (the "Asserted Marks"):

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 978,952 | NIKE | NIKE (word mark) | 2/19/1974 – Incontestable | 25- Clothing, footwear, headgear |
| 1,214,930 | NIKE | NIKE (word mark) | 11/2/1982 – Incontestable | 25- Footwear |
| 1,243,248 | NIKE | NIKE (word mark) | 6/21/1983 – Incontestable | 42- Retail footwear and apparel services |
| 6,124,779 | NIKE | NIKE (word mark) | 8/11/2020 | 35- Retail store services and on-line retail store services |
| 1,238,853 | NIKE & Swoosh Design*[2] | NIKE | 5/17/1983 – Incontestable | 42- Retail footwear and apparel services |

[2] As used herein, an asterisk (*)indicates unofficial, descriptive title.

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 1,325,938 | NIKE & Swoosh Design | NIKE | 3/19/1985 – Incontestable | 25- Footwear |
| 977,190 | Swoosh Design | | 1/22/1974 – Incontestable | 25- Footwear |
| 1,264,529 | Swoosh Design | | 1/17/1984 – Incontestable | 42- Retail footwear and apparel services |
| 1,323,343 | Swoosh Design | | 3/5/1985 – Incontestable | 25- Footwear |
| 5,794,674 | Swoosh Design | | 7/2/2019 | 35- Retail store services and on-line retail store services |
| 1,571,066 | NIKE AIR & Swoosh Design | NIKE AIR | 12/12/1989 – Incontestable | 25 – Footwear |
| 1,284,386 | NIKE AIR & Swoosh Design | NIKE AIR | 7/3/1984 – Incontestable | 25 – Footwear |
| 1,370,283 | AIR JORDAN | AIR JORDAN (word mark) | 11/12/1985 – Incontestable | 25- Clothing, footwear |
| 3,725,535 | Air Jordan & Wings Design* | AIR JORDAN | 12/15/2009 – Incontestable | 25- Clothing, footwear, headgear |
| 3,627,820 | JUMPMA N | JUMPMAN (word mark) | 9/11/2007— Incontestable | 25- Clothing, footwear, headgear |
| 1,558,100 | Jumpman Design | | 9/26/1989 – Incontestable | 25- Clothing, Footwear |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 1,742,019 | Jumpman Design | | 12/22/1992 – Incontestable | 25- Clothing, footwear, headgear<br><br>18- Leather and imitations of leather |
| 4,137,741 | Elephant Print Design* | | 05/21/2018 – Incontestable | 25- Clothing, footwear, headgear<br><br>18- Backpacks |
| 3,780,236 | DUNK | DUNK (word mark) | 4/27/2010 – Incontestable | 25 – Footwear |
| 3,520,484 | AIR FORCE 1 | AIR FORCE 1 (word mark) | 10/21/2008 – Incontestable | 25 – Footwear |
| 3,451,904 | AF1 Trade Dress* | | 6/24/2008 – Incontestable | 25 – Footwear |
| 3,451,905 | Air Force 1 Low* | | 6/24/2008 – Incontestable | 25 – Footwear |
| 5,820,374 | | | 7/30/2019 | 25 – Footwear |
| 3,451,906 | Air Force 1 Mid* | | 6/24/2008 – Incontestable | 25 – Footwear |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 3,451,907 | | | 6/24/2008 – Incontestable | 25 – Footwear |
| 3,711,303 | | | 11/17/2009 – Incontestable | 25 – Footwear |
| 3,711,305 | Dunk Trade Dress (Low)* | | 11/17/2009 - Incontestable | 25 – Footwear |
| 3,721,064 | Nike Outsole Trade Dress | | 12/8/2009 – Incontestable | 25 – Footwear |
| 6,368,691 | Air Jordan 1 OG Trade Dress (Low)* | | 6/1/2021 | 25 - Footwear |
| 6,368,694 | Air Jordan 1 OG Trade Dress (High)* | | 6/1/2021 | 25 - Footwear |
| 6,368,693 | Air Jordan 1 Trade Dress (Low)* | | 6/1/2021 | 25 - Footwear |
| 6,639,127 | Air Jordan 3 Trade Dress* | | 2/8/2022 | 25 - Footwear |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 6,639,128 | Air Jordan 4 Trade Dress* | | 2/8/2022 | 25 - Footwear |
| 97/095,855 | NIKE (word mark) | NIKE (word mark) | 10/27/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds<br><br>35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments. |
| 97/096,950 | JORDAN (word mark) | JORDAN (word mark) | 10/28/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds.<br><br>35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| | | | | featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments |
| 97/096,952 | Air Jordan & Wings Design* | AIR JORDAN | 10/28/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds<br><br>35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments. |
| 97/096,945 | Jumpman design | | 10/28/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| | | | | 35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments. |
| 97/095,944 | Swoosh design | | 10/27/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds<br><br>35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments. |

| Reg. No. | Title | Trademark | Reg. Date / Status | Class, Goods, and Services |
|---|---|---|---|---|
| 97/096,366 | NIKE & Swoosh Design | NIKE | 10/27/2021 (filing date) | 9 - Downloadable virtual goods, namely, computer programs featuring footwear… and accessories for use online and in online virtual worlds<br><br>35 - Retail store services featuring virtual goods, namely, footwear…for use online; online retail store services featuring virtual merchandise, namely, footwear….<br><br>41 - Entertainment services, namely, providing online, non-downloadable virtual footwear...for use in virtual environments. |

**IT IS FURTHER ORDERED** that Defendants stipulate, agree, and acknowledge that the Asserted Marks are valid and enforceable.

**IT IS FURTHER ORDERED** that JUDGMENT is entered in Nike's favor and against each of the Defendants on Counts I-VII of Nike's Complaint (ECF No. 9).

**IT IS FURTHER ORDERED** that Defendants stipulate, agree, and acknowledge that: (1) their accused "customization" conduct involves creating a brand new "upper" for shoes made from third party materials not sold by Nike and including Nike trademarks that Nike did not manufacture or authorize Defendants to manufacture; (2) their manufacture and sale of shoes with uppers made from third-party materials, and bearing Nike trademarks that Nike did not manufacture or authorize violates the Lanham Act and amounts to common law trademark infringement and/or unfair

competition and/or civil counterfeiting pursuant to 15 U.S.C. § 1114; and (3) apart from isolated instances not in dispute in the litigation, Nike did not authorize Defendants' accused "customization" conduct. Notwithstanding the foregoing, Defendants deny any criminal wrongdoing, and this acknowledgement should not be construed as an admission by Defendants of having engaged in criminal counterfeiting under 18 U.S.C. § 2320 or any other criminal statute.

**IT IS FURTHER ORDERED** that except as permitted in the Confidential Settlement Agreement, Defendants, and their affiliates, officers, agents, employees, and all other persons acting in concert with Defendants are hereby permanently enjoined from:

(a) manufacturing, designing, using, transporting, promoting, advertising, publicizing (including on social media), distributing, licensing, offering for sale or selling in their brick-and-mortar locations, website, social media pages and any other online or retail location any products using the Asserted Marks or any other marks, names symbols or logos likely to cause confusion or to cause mistake or deceive persons into the erroneous belief that any products from Defendants are sponsored, licensed, authorized, or endorsed by Nike or are connected or affiliated in some way to Nike or the Asserted Marks;

(b) manufacturing, designing, using, transporting, promoting, advertising, publicizing (including on social media), distributing, licensing, offering for sale or selling in their brick-and-mortar locations, website, social media pages and any other online or retail location any products using the Asserted Marks in combination with any trademarks owned by the Defendants, including SRGN or the Skull logo ;

(c) manufacturing, designing, using, transporting, promoting, advertising, publicizing (including on social media), distributing, licensing, offering for sale or selling in their

brick-and-mortar locations, website, social media pages and any other online or retail location any shoe-making products, including lasts, molds, swooshes, or other products used to make shoes that that feature the Asserted Marks or any colorable imitations thereof;

(d) knowingly using any reproduction, counterfeit, copy or colorable imitation of the Asserted Marks to identify any goods or the rendering of any services not manufactured, authorized, or sold by Nike or an Nike authorized retailer;

(e) engaging in any other course of conduct likely to cause confusion, deception, mistake, or injury to Nike's business representation including, the material alteration or knowingly using non-genuine products in connection with any of the Asserted Marks;

(f) designing, using, promoting, advertising, publicizing (including on social media), licensing, offering for sale, or selling any digital assets bearing the Asserted Nike trademarks or colorable imitations thereof;

(g) offering "deconstruction" and/or "reconstruction" classes, workshops, or anything substantially similar thereto featuring any of the Asserted Marks;

(h) implying Nike's approval, endorsement, sponsorship, affiliation or connection with Defendants' products, services or commercial activities unless explicitly authorized by Nike to do so;

(i) representing or implying that Defendants are in any way sponsored by, affiliated with, or licensed by Nike;

(j) assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities prohibited in (a) through (j) above.

**IT IS FURTHER ORDERED** that notwithstanding the foregoing, Defendants shall be permitted to provide certain "one of one" services detailed in the Confidential Settlement Agreement, so along as such services: include a clear, conspicuous written disclosure that Defendants' services are (a) not sponsored by, affiliated with, authorized by, or honored by Nike, (b) may impact the performance of genuine Nike shoes, and (c) such services are provided for personal and non-commercial purposes.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Consent Judgment and Permanent Injunction, Defendants shall take all steps necessary to permanently remove from their website all counterfeit or infringing products, product listings, and unauthorized prior collaborations featuring the Asserted Marks or colorable imitations thereof.

**IT IS FURTHER ORDERED** that each of the Parties shall bear their own attorneys' fees and costs incurred in connection with this action. However, if Defendants are found to be in contempt of this Consent Judgment and Permanent Injunction, Nike shall be entitled to recover all attorneys' fees and costs associated with enforcing this Consent Judgment and Permanent Injunction, in addition to any other remedies that the Court may deem appropriate.

**IT IS FURTHER ORDERED** that the Court hereby reserves and retains continuing jurisdiction to enforce the Consent Judgment and Permanent Injunction herein and over the parties hereto for the purpose of enforcing these terms.

Respectfully submitted,

/s/ Tamar Y. Duvdevani (signature)

Tamar Y. Duvdevani
Marc E. Miller
Joshua Schwartzman

DLA PIPER LLP (US)
1251 Avenue of the Americas 27th Fl.
New York, New York 10020-1104
Telephone: (212) 335-4799
tamar.duvdevani@us.dlapiper.com
marc.miller@us.dlapiper.com
joshua.schwartzman@us.dlapiper.com

*Attorneys for Plaintiff-Counterclaim Defendant Nike, Inc.*

/s/ Meredith L. Williams (signature)

Meredith L. Williams
mwilliams@rutan.com
Michael D. Adams
madams@rutan.com

RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, California 92612
Telephone: (714) 641-5100

Michael R. Yellin, Esq.
COLE SCHOTZ P.C.
1325 Avenue of the Americas
19th Floor
New York, NY 10019
(212) 752-8000
E-mail: myellin@coleschotz.com

ZAKARI A. KURTZ
NY Attorney No. 5242946
Sneaker Law Firm PLLC,
dba Sneaker & Streetwear Legal Services
928 Washington St. Baldwin, NY 11510
Phone (540)-230-2965
Email: zak@sneakerlawfirm.com

*Attorneys for Defendants-Counterclaim Plaintiffs S2 Services, Inc.; Surgeon Worldwide, Inc. d/b/a The Shoe Surgeon; Dominic Chambrone a/k/a Dominic Ciambrone, and Dallas Imbimbo*

**IT IS SO ORDERED** this ________day of ________________, 2025.

________________________________
Hon. Naomi Reice Buchwald, U.S.D.J.